HONORABLE THERESA L. FRICKE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMERICAN PACIFIC MORTGAGE CORPORATION, a California corporation, d/b/a CRANE FINANCIAL GROUP,<br><br>Plaintiff,<br><br>vs.<br><br>FINANCE OF AMERICA MORTGAGE LLC, a Delaware Limited Liability corporation; GENEVA FINANCIAL, LLC, an Arizona Limited Liability corporation; DEBORAH MARIE MERCADO, an individual residing in Washington State; JAMIE JANET JENNINGS-KAY, an individual residing in Washington State; and PAUL MATTHEW ARMSTRONG, an individual residing in Washington State; JANE/JOHN DOES 1-10; DOE BUSINESS CORPORATE ENTITIES, 1-10,<br><br>Defendants. | Case No. 2:19-CV-00749-TLF<br><br>**PLAINTIFF'S OPPOSITION TO GENEVA FINANCIAL'S MOTION TO SET ASIDE**<br><br>ORAL ARGUMENT REQUESTED |

American Pacific properly served Geneva Financial with a complaint and summons on May 30, 2019. *See* [ECF No. 24]. Geneva Financial had 3 weeks to answer or respond. *Id.* Yet American Pacific heard from no one until August 30, 2019, ***3 months later***. After phone calls and email correspondence, Geneva Financial offered to explain who received the summons and why they did not respond. *See* Miller Decl. at ¶ 2 & Ex. 1.

Page 1 – **PLAINTIFF'S OPPOSITION TO GENEVA FINANCIAL'S MOTION TO SET ASIDE**

But rather than provide that explanation as promised, Geneva Financial filed its motion on October 24, another 2 months later. All in all, Geneva Financial has not offered a proposed answer and has failed to even provide initial disclosures (even though some discovery will be necessary for damages, such as showing what profits Geneva Financial made).

The Court's scheduling order on initial disclosures—entered August 28—set initial disclosures for October 2. [ECF No. 27]. Geneva must have seen that order, since it filed an appearance just 2 days later. American Pacific even noted in the Joint Discovery Plan that Geneva's failure to provide initial disclosures was evidence that its default should remain. [ECF No. 31 at 2]. Yet to date, Geneva Financial *still* has not offered even its basic initial disclosures.

Now Geneva finally explains that its designated manager for all service of process just did not bother to read the email from its registered agent. Geneva does not show us what the email said, so it is impossible to even gauge his failure.

Because Geneva Financial is a sophisticated mortgage lender operating in 43 states, is an experienced federal litigant, had previously consulted with counsel about these claims, and offers only that its designated manager just "did not carefully review the attached 13-page complaint" (and note: they do not mention whether he read the summons), the Court should deny the motion to set aside the clerk's entry of default. The case should proceed to discovery on damages as to Geneva Financial, LLC.

1. **Geneva Financial is a sophisticated, regulated business and an experienced federal litigant whose licensing manager read the complaint, so its failure to answer is not excusable neglect.**

Geneva Financial is no stranger to federal litigation. Just last year, it was served with a trademark infringement lawsuit in the Middle District of Tennessee, which it settled. *See Music City Mortgage, Inc. v. Geneva Financial, LLC*, Case No. 3:18-cv-01211 (M.D. Tenn. 2018). It also resolved a debtor's adversary proceeding—in which the debtor moved for default—by

moving to dismiss under Rules 12(b)(6) and 12(b)(5). *See Grenetta Legette v. Geneva Financial, LLC*, Case No. 18-00016-5-SWH (Bankr. E.D.N.C. 2018).

Geneva Financial operates in a highly regulated business: mortgage lending. *See, e.g.*, Real Estate Settlement Procedures Act (RESPA) 27 U.S.C. § 2601 *et seq.*; Truth in Lending Act (TILA) 15 U.S.C. § 1601 *et seq.*; Homeowners Protection Act (HPA) 49 U.S.C. § 4901 *et seq.*; and the Gramm-Leach Bliley Act 15 U.S.C. § 6801 *et seq.* And it does so with branch offices in 43 states. *See* Miller Decl., Ex. 2.

On this background, Geneva Financial argues that its Licensing Manager's failure to "carefully read" the complaint—they avoid the summons to Geneva—should be excused. But not all neglect is excusable, especially when the defendant is a sophisticated business and consulted with lawyers. *E.g.*, *Tire Stickers, LLC v. Scuderia Automobili*, 2018 WL 6844721, at *4, Case No. CV-18-5128-MWD (C.D. Cal. Oct. 16, 2018). "Indeed, the sophistication of the defendant is an important factor when considering culpability." *Id.*

The Ninth Circuit has made clear that a default judgment does not require intentional bad faith. Rather, as Judge Martinez found and the Ninth Circuit affirmed, things like failing to update a company's mailing address are not "excusable." *See Employee Painers' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 1000 (9th Cir. 2007). The court should do the same here.

Geneva Financial relies heavily on dicta in *TCI Group Life Insurance Plan v. Knoebbler*, 244 F.3d 691 (9th Cir. 2016). But that case involved a recently widowed woman left to care for her children and trying to move across the country when she was served. *Id.* at 699. Geneva Financial also cites cases like *Hudson v. Agnew* where defense counsel did not answer because he did not know his clients had been served. *See* 2010 WL 996412, at *1–2, Case No. C09-5696-FDB (W.D. Wash. March 15, 2010). Those are nothing like Geneva Financial who just did not bother to read the process served on it. Nor is this like *G Vincent Ltd. v. Dux Area, Inc.*, which appears to be a discovery sanctions case where the defendant had actually appeared and defended

Page 3 – **PLAINTIFF'S OPPOSITION TO GENEVA FINANCIAL'S MOTION TO SET ASIDE**

LINDSAY HART, LLP
1300 SW FIFTH AVENUE, SUITE 3400
PORTLAND, OREGON 97201-5640
PHONE: 503-226-7677 FAX: 503-226-7697

before its counsel withdrew. 2010 WL 11526894, at *2, Case No. C09-383-RAJ (W.D. Wash. July 29, 2010).

Geneva Financial operates at least 7 branch offices in Washington and designated a person to receive process. When Geneva *knew* American Pacific was threatening litigation, it is simply not excusable for this manager to ignore the process served on him.

This is like the situation in *Tire Stickers*, where the defendant "consulted an attorney for settlement negotiation" and so "should have been aware of the consequences of failing to obtain counsel and properly participate in this action, well before an entry of default." *See* 2018 WL 6844721, at *4.

2. **Instead of a meritorious defense, Geneva Financial offers only general denials.**

Another factor is Geneva Financial's failure to offer anything but general denials. A default should not be set aside just because the defendant denies the allegations. *See Newgen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cit. 2016) (ruling that "[s]tating only general objections to the existence of a contract, the extent of the relationship between the parties, and the alleged services performed by [defendant] is insufficient to satisfy the 'meritorious defense' requirement").

Here, Geneva Financial argues that it investigated the complaints about defendants (and former employees) Mercado, Armstrong, and Jennings-Kay and "found them entirely unfounded." It also argues that it required those employees to show they had "legitimately originated those clients themselves." But those are bare-bones denials. Geneva offers no specific facts as to *how* they actually originated the loans at issue. And notably, Geneva admits those three individual defendants all suddenly quit, together and with no notice, not long after.

Geneva tries to say its undisclosed investigation shows it did not "knowingly" violate American Pacific's legal rights. But that ignores a key point: if its employees knowingly did so, then Geneva did so. Geneva cites no authority to say that an after-the-fact investigation nullifies prior liabilities. Nor does its undefined "investigation" offer anything specific. Its admission that

Page 4 – **PLAINTIFF'S OPPOSITION TO GENEVA FINANCIAL'S MOTION TO SET ASIDE**

LINDSAY HART, LLP
1300 SW FIFTH AVENUE, SUITE 3400
PORTLAND, OREGON 97201-5640
PHONE: 503-226-7677 FAX: 503-226-7697

losing those employees left it with an expensive, unused office illustrate exactly why such generic assertions carry no weight here: it had reason to look away.

As the defendant in default, Geneva Financial bears the burden here. It is not enough to deny facts and say they investigated and found the facts to be different than alleged. *See, e.g.*, *Newgen*, 840 F.3d at 616; *Tire Stickers*, 2018 WL 6844721 at *5. Geneva must identify specific facts, like how did the individual defendants originate those loans? If it had good reasons, it would have stated them.

3. **Geneva Financial has delayed the case by refusing to produce initial disclosures like all the other parties and waiting almost 2 months since it entered an appearance.**

Geneva Financial has taken advantage of the default by failing to even produce its initial disclosures—which by court order everyone else produced a month ago. [ECF No. 27]. That delays American Pacific's ability to plan discovery or craft discovery requests to Geneva Financial.

Indeed, American Pacific has asked for an explanation of what happened with Geneva since they first entered an appearance. In the last phone conversation, Geneva Financial said it would explain basic facts like who received the summons and why they did not respond to it. *See* Miller Decl., at ¶ 2 and Ex. 1. However, Geneva Financial failed to do what it said and, instead, just filed this motion. This was the first American Pacific heard of Geneva Financial supposedly investigating and asking its employees to explain how they originated the loan.

Dated this 4th day of November, 2019.

LINDSAY HART, LLP

By: _s/ Tyson L. Calvert_

By: _s/ Matthew N. Miller_
Tyson L. Calvert, WSBA No. 38908
tcalvert@lindsayhart.com
Matthew N. Miller, WSBA No. 48704

Page 5 – **PLAINTIFF'S OPPOSITION TO GENEVA FINANCIAL'S MOTION TO SET ASIDE**

| | |
|---|---|
| 1 | mmiller@lindsayhart.com |
| 2 | Lindsay Hart, LLP<br>1300 SW Fifth Ave Ste 3400 |
| 3 | Portland OR   97201<br>Telephone: (503) 226-7677 |
| 4 | Fax: (503) 226-7697<br>E-mail:   tcalvert@lindsayhart.com |
| 5 | mmiller@lindsayhart.com<br>Attorneys for Plaintiff |

Page 6 – **PLAINTIFF'S OPPOSITION TO GENEVA FINANCIAL'S MOTION TO SET ASIDE**

# CERTIFICATE OF SERVICE

      I hereby certify that on November 4, 2019, I served the **foregoing PLAINTIFF'S OPPOSITION TO GENEVA FINANCIAL'S MOTION TO SET ASIDE** on the following parties as indicated below

| | |
|---|---|
| **Adam T. Pankratz** (WSBA No. 50951)<br>**Kyle D. Nelson** (WSBA No. 49981)<br>OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.<br>1201 Third Avenue, Suite 5150<br>Seattle, WA 98101<br>Ph: 206-693-7057<br>Fax: 206-693-7058<br>Em: adam.pankratz@ogletree.com<br>Em: kyle.nelson@ogletree.com | ☒ by Email<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☒ Electronic CM/ECF |

*Attorneys for Finance of America Mortgage, LLC*

| | |
|---|---|
| **Shawn Butler** (WSBA No. 45731)<br>**Samuel D. Winninghoff** (WSBA No. 46825)<br>Helsell Fetterman LLP<br>1001 Fourth Avenue, Suite 4200<br>Seattle, WA 98154<br>Ph: 206-689-2166<br>Fax: 206-340-0902<br>Em: sbutler@helsell.com<br>Em: swinninghoff@helsell.com | ☒ by Email<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☒ Electronic CM/ECF |

*Attorneys for Deborah Marie Mercado, Jamie Janet Jennings-Kay, and Paul Matthew Armstrong*

| | |
|---|---|
| **Brett M. Wieburg** (WSBA No. 22353)<br>Wieburg Law Offices, PLLC<br>605 East Sunset Way<br>Issaquah, WA 98027<br>Ph: 425-427-5925<br>Em: brett.wieburg@wieburglaw.com | ☒ by Email<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☒ Electronic CM/ECF |

*Attorneys for Deborah Marie Mercado*

///

///

Page 1 – **CERTIFICATE OF SERICE**

| | | | |
|---|---|---|---|
| 1 | **Mike Brunet**  (WSBA No. ) | ☒ | by Email |
| | Garvey Schubert Barer | ☐ | by Facsimile Transmission |
| 2 | 1191 Second Avenue | ☐ | by First Class Mail |
| | Seattle, WA  98101 | ☐ | by Hand Delivery |
| 3 | Ph: 206-816-1480 | ☒ | Electronic CM/ECF |
| | Em: MBrunet@gsblaw.com | | |

*Attorneys for Geneva Financial, LLC*

By:   *s/Matthew N. Miller*
Tyson L. Calvert, WSBA No. 38908
tcalvert@lindsayhart.com
Matthew N. Miller, WSBA No. 48704
mmiller@lindsayhart.com
Attorneys for Plaintiff

Page 2 – **CERTIFICATE OF SERICE**

LINDSAY HART, LLP
1300 SW FIFTH AVENUE, SUITE 3400
PORTLAND, OREGON 97201-5640
PHONE: 503-226-7677 FAX: 503-226-7697