HONORABLE THERESA L. FRICKE
Hearing: Thursday, November 14, 2019
at 9:00 a.m.
(with Oral Argument)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

AMERICAN PACIFIC MORTGAGE CORPORATION, a California corporation, d/b/a CRANE FINANCIAL GROUP

Plaintiff,

v.

FINANCE OF AMERICA MORTGAGE LLC; GENEVA FINANCIAL, LLC; DEBORAH MARIE MERCADO; JAMIE JANET JENNINGS-KAY; PAUL MATTHEW ARMSTRONG; JANE/JOHN DOES 1-10, and DOE BUSINESS/ CORPORATE ENTITIES 1-10,

Defendants.

NO. 2:19-cv-00749-RSM-TLF

**DEFENDANT GENEVA FINANCIAL, LLC'S REPLY IN SUPPORT OF ITS MOTION TO VACATE CLERK'S ENTRY OF DEFAULT**

///

///

///

///

///

///

///



FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

Plaintiff American Pacific Mortgage Corporation opposes vacating the clerk's entry of default against Geneva Financial, LLC ("Geneva"), emphasizing Geneva's admitted institutional failure to appropriately review the documents it received and to respond as required. But Plaintiff completely dodges the essential question: does the Court have good cause to set aside the default based on the Western District of Washington's well-established and strong preference for adjudicating cases on the merits? It does.

**1. "Culpable conduct," not "excusable neglect," is the standard for setting aside default in the Ninth Circuit and this Court.**

The first factor in establishing "good cause" to set aside a default in this Court and in the Ninth Circuit is whether the party seeking to set aside the default engaged in culpable conduct that led to the default – that is, "acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010) (quotation omitted). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id*. at 1089 (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984)).

There was no culpable conduct under the applicable standard in this Court. Geneva forthrightly admitted in its motion and in prior communications with Plaintiff's counsel[1] that its Human Resources and Licensing Manager Scott Mertens failed to carefully review – *as he should have* – the notice received from Geneva's registered agent. Mr. Mertens is responsible for ensuring that employees and offices have the proper licensing and leases to operate in their respective states. He has no involvement whatsoever in legal and compliance matters other than garnishments, let alone trademark litigation in Tennessee or a foreclosure in a North Carolina bankruptcy, which Plaintiff cites as evidence of Geneva's status as an "experienced

[1] Plaintiff makes multiple arguments in its opposition regarding communications between it and Geneva's counsel before the present motion was filed. Geneva believes that the vast majority of these communications are irrelevant. However, the Second Declaration of Michael Brunet details these communications in the event that the Court believes them to be pertinent to the present motion.



FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

federal litigator." Opposition at 2–3; Second Mertens Decl. at ¶ 3. Mr. Mertens further had no awareness of or involvement in the investigation into and response to Plaintiff's demand letter in 2018; that was handled by COO Telle VanTrojen and Chief Compliance Officer Tina Rose in coordination with prior outside counsel. Second Mertens Decl. at ¶ 4. Motion, at 5:1-4. Had Mr. Mertens been aware of Plaintiff's threat of litigation against Geneva 15 months earlier, he would have read the notice from the registered agent more carefully, and then alerted COO VanTrojen of the Complaint and Summons. Second Mertens Decl. at ¶ 5. (Geneva has since corrected the processes that allowed this grievous communications lapse; for example, both Mr. Mertens and Ms. VanTrojen now receive notices from the registered agents.) Second VanTrojen Decl. at ¶ 10.

Plaintiff claims this is like the situation in an unpublished recent case from the Central District of California; it is not. In that case, the sole director and officer of a defendant corporation received a summons and complaint and then attempted to dissolve the corporation just two days later. *Tire Stickers, LLC v. Scuderia Automobili*, 2018 WL 6844721, at *3 (C.D. Cal. Oct. 16, 2018). The corporation initially consulted a lawyer to help in negotiating a settlement, but did not hire an attorney to defend in the litigation, and subsequently appeared in court without representation for months, refusing or failing to find counsel. *Id*. at *4. The court, applying the standard for culpable conduct under *Mesle*, cited above, found that the corporation's conduct could "fairly be characterized as willful, deliberate, or in bad faith." *Id*. (citing *Mesle*, 615 F.3d at 1092, for the proposition that "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer" (emphasis added)).

Here, unlike in *Tire Stickers*, the uncontroverted evidence shows that Geneva did not intentionally fail to answer the complaint or otherwise manipulate the legal process. As discussed at length in Geneva's motion, Geneva failed to respond to the complaint because it did not recognize that it had been served. It only became aware that it was embroiled in a



FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

lawsuit on August 27, 2019, well after the Order of Default had been entered, when this case was brought to its attention through a standard litigation check by a mortgage aggregator. Second Declaration of VanTrojen at ¶ 8. Nor did Geneva manipulate the judicial process by failing to secure counsel. Although Geneva consulted with legal counsel to respond to Plaintiff's demand letter in mid-2018, it did not consult with that counsel on this matter after sending the letter response in June 2018, believing that this matter was resolved. Geneva did not engage counsel in this litigation until August 30, 2019, after realizing that it was a party to a lawsuit. Second VanTrojen Decl. at ¶ 9.

Plaintiff's cite to a Ninth Circuit case affirming denial of a motion to set aside default judgments is also inapposite. *Employee Painters' Tr. v. Ethan Enterprises, Inc.*, 480 F.3d 993 (9th Cir. 2007). The appellate court there concluded that the corporate defendant's failure to find substitute counsel, in violation of local rules, was a ground for default, rather than its failure to appear. *Id.* at 998-999. Unlike Geneva, the *Employee Painters'* individual defendants filed an answer to the original complaint and contested a counterclaim before failing to respond to an amended complaint served via mail. *Id.* Those defendants argued that the default judgment was void due to lack of service of the amended complaint, which argument failed. Unlike the defendants in that case, Geneva is in default for failure to appear in response to an original complaint, rather than ignoring an amended complaint in a lawsuit in which it had already substantively participated.

Plaintiff further attempts to distinguish Ninth Circuit and Western District precedents cited by Geneva. Of course, every case presents a different set of facts. But those precedents all applied the controlling standard for culpable conduct to conclude that a defendant that failed to appear had not acted with bad faith, or with any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process. *Mesle*, 615 F.3d at 1092. Geneva urges the Court to do the same here.



FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

**2. Geneva has presented specific facts to establish a meritorious defense to Plaintiff's bare-bones allegations.**

Plaintiff claims Geneva offered only "general denials" that do not merit setting aside the default, citing *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016). Plaintiff sets a much higher bar for this factor than is warranted under Ninth Circuit precedent. In *NewGen,* the Ninth Circuit found 1) "culpable conduct" in the defendant's agent's "blatant attempts to resist service," 2) a lack of a meritorious defense in the defendant's "only general objections" to claims that had been set out in "sufficient detail" by the plaintiff, and 3) a sufficient showing of possible prejudice to plaintiff if default were denied. *NewGen, LLC*, 840 F.3d at 616–17. The appellate court's decision was properly focused on whether the trial court's judgment was an abuse of discretion: even under these facts, the Ninth Circuit found that "there is room to disagree whether default is warranted," but did not find clear error to overturn the trial court. *Id*. at 617.

Unlike in *NewGen*, Plaintiff alleges only that Geneva "knowingly" benefitted from the allegedly inappropriate conduct of its former employees (Complaint, ¶ 40), and fails to offer "sufficient detail" to support its bare-bones accusation. See *NewGen*, 840 F.3d at 616. The defense presented in Geneva's Motion is far from the "general objections" of *NewGen*, or the "bare-bones" denial that Plaintiff claims. Geneva provides ample details and specifics about the course of events at issue, including: Geneva's lack of knowledge of any suggestion that the three individual defendants' book of business included any allegedly misappropriated client information; its immediate investigation when it received Plaintiff's demand letter claiming the three individuals had closed 65 loans with stolen customers – only two of them at Geneva; and Geneva's good-faith efforts to ensure that those two loans, and any further loans closed with customers on the list of 65, were scrutinized to be sure the clients were properly originated by the individual defendants. Motion, 4:12–5:15, 7:1–22.

Plaintiff's critique of Geneva's meritorious defense descends into details best left to discovery ("Geneva offers no specific facts as to *how* they actually originated the loans at



FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

issue") and legal arguments best left to a trial on the merits ("if its employees knowingly did so, then Geneva did so. Geneva cites no authority to say that an after-the-fact investigation nullifies prior liabilities"). Opposition, at 4:23–25. Plaintiff may pursue those arguments after default is vacated. Geneva has provided sufficient facts to support a meritorious defense, such that it might prevail at trial and that trying this case would not be a wholly empty exercise.

**3. Geneva's delay in filing initial disclosures – while a party in default – has not prejudiced Plaintiff.**

Plaintiff claims Geneva has "taken advantage of the default" by failing to produce its initial disclosures in early October, as parties not in default did. But Plaintiff's own actions and assertions against Geneva undermine this argument. Plaintiff did not copy Geneva's counsel in mid-September communications regarding the Joint Status Report and Discovery Plan ("JSR"), despite the fact that by that point Geneva's counsel had appeared in this action. Ex. A to Second Brunet Decl., at September 19 email. After another party copied in Geneva's counsel, Geneva clearly relayed to all parties its intention to file initial disclosures in the event that the default were set aside, given the uncertain procedural status of Geneva as a party in default. Specifically, Geneva's counsel made edits to the JSR including "a plan regarding my client's initial disclosures in light of our recent entry into this case and the existing Order of Default," and expressly asked the other parties if they had concerns. *Id.*, at October 2 email. In response, but only after the Court-ordered date for initial disclosures, Plaintiff took the position that Geneva, as a party in default, should not even receive notice until the Court rules otherwise, citing a New Jersey bankruptcy case and an 1872 Supreme Court ruling: "See, *e.g.*, *LocalBizUSA, Inc. v. Freund*, 2016 Bankr. LEXIS 3929 (D. Br. NJ Nov. 7, 2016) (citing the foundation case *Frow v. De La Vega*, 82 U.S. 552, 554 (1872))." Ex. B to Brunet Decl. In *Frow*, the Supreme Court wrote: "The defaulting defendant has merely lost his standing in court. *He will not be entitled to service of notices in the cause, nor to appear in it in any way*." *Id*. (emphasis added). If Plaintiff argues, based on *Frow*, that Geneva was not entitled to



FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

"appear… in any way" or receive notice, how can Plaintiff argue that Geneva should have filed initial disclosures? Only on October 8, after the initial disclosure date, did Plaintiff indicate that Geneva's proposal was unacceptable to it. Dkt. 31, Joint Status Report at 2:22–27 (Oct. 9, 2019). Geneva remains ready to file its initial disclosures if the order of default is lifted, clarifying its procedural status.

Plaintiff further claims that the lack of initial disclosures from Geneva delays Plaintiff's ability to craft discovery requests. This argument lacks credulity given that Plaintiff first filed discovery requests upon *any* Defendant on November 6, more than five weeks after the other Defendants filed their initial disclosures, and not coincidentally after Geneva pointed out in its motion that Plaintiff could not be prejudiced by any delay because it had not propounded discovery at that point. Trial is more than 14 months away. Geneva's minimal delay in filing initial disclosures has not hindered Plaintiff's ability to pursue its claims or caused Plaintiff any tangible harm. See *Lacey Marketplace Associates II LLC v. United Farmers of Alberta Co-Operative Ltd.*, 2013 WL 12071674, at *5 (W.D. Wash. July 5, 2013).

Geneva recognizes it should have paid more attention to the email from its registered agent regarding this matter. It is aware of the severity of the present situation, and that it should have been avoided. Geneva has a new process in place to ensure that it does not occur again. But regardless of its mistake, Geneva deserves an opportunity to defend itself on the merits under established binding precedent. Geneva respectfully requests that the Court vacate the Order of Default.

DATED this 8th day of November 2019.

FOSTER GARVEY PC

By *s/Michael Brunet*

Michael S. Brunet, WSBA #35764
1111 Third Avenue, Suite 3000
Seattle, WA 98101
(206) 816-1480, tel / (206) 447-9700, fax
Mike.brunet@foster.com, email
*Attorneys for Defendant Geneva Financial, LLC*

**CERTIFICATE OF SERVICE**

I, Christy Reynolds, hereby certify that on November 8, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

DATED at Seattle, Washington, this 8th day of November, 2019.

*s/ Christy Reynolds*
Christy A. Reynolds, Legal Assistant
Foster Garvey
1111 Third Avenue, #3000
Seattle, WA 98101
(206) 447-4400
christy.reynolds@foster.com



FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700